UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAAZIM COOPER, AKA KAZZIM COOPER,

                Plaintiff,

                -against-

JOHN DOE COUNTY CLERK, ET AL.,

                Defendants.

25-CV-6786 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Furthermore, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

    Plaintiff submitted an IFP application, but he did not sign it, and his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he has been unemployed since July 2025, but he does not answer the remaining questions on the application. Because Plaintiff has not completed the IFP application, the Court is unable to conclude that he is unable to pay the filing fees.

    Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit a signed amended IFP application. If Plaintiff submits the amended IFP

application, it should be labeled with docket number 25-CV-6786 (LTS), and address the deficiencies described above by answering all applicable questions and providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 28, 2025
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge