UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAAZIM COOPER, AKA KAZZIM COOPER,

    Plaintiff,

-against-

JOHN DOE COUNTY COURT CLERK; THE JUDGE ABRAHAM CLOTT; JENNIFER G. SCHECTER, JUDGE,

    Defendants.

---

25-CV-6786 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated October 14, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff's original IFP application was unsigned and largely blank. By order dated August 28, 2025, Chief Judge Laura Taylor Swain directed Plaintiff to either pay the $405.00 in filing fees or submit an amended IFP application. (ECF 5.) Plaintiff filed an amended IFP application on September 23, 2025. (ECF 6.)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this civil rights action against Judges Abraham Clott and Jennifer G. Schecter of the New York Supreme Court, New York County, and a John Doe County Supreme Court clerk at the same court. The following facts are drawn from the complaint.[2] On August 17,

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original document unless noted otherwise.

2

2021, Plaintiff was arrested for criminal assault and parole violation charges, and detained on Rikers Island. On January 19, 2022, Plaintiff's parole term was terminated, but he remained detained on Rikers Island pursuant to the ongoing criminal charges.

On or about February 25, 2022, Plaintiff filed a 34-page petition for a writ of *habeas corpus* in the New York State Supreme Court, Appellate Division, First Department. On May 5, 2022, the Appellate Division transferred Plaintiff's *habeas corpus* petition to the New York Supreme Court pursuant to Section 7002(b)(5) of the New York Civil Practice Law and Rules.[3]

On September 18, 2022, Plaintiff received a "notice along with omitted or incomplete version of the petition he filed with Appellate division with cover page." (ECF 1, at 11.) In the notice, Judge Schecter directed the John Doe County Clerk to place the writ of *habeas corpus* on the calendar and assign the petition an index number. Plaintiff alleges that "[t]he petition form that plaintiff got back from the court did not include 'statement of facts' and some exhibits were missing that were stated in the statement of facts on the first and third page of table of contents." (*Id.*) He further alleges that the petition was missing all odd-numbered pages. Plaintiff asserts that John Doe County Clerk was responsible for docketing the petition and "deliberately omitted every other page after receiving transfer from appellate division." (Id. at 12.)

Plaintiff states that Judge Clott denied his *habeas corpus* petition during an October 7, 2022 hearing.

Plaintiff asserts that Defendants "conspired to deprive him of first amendment and due process rights to petition and access courts, his rights and privilege of habeas corpus under both

---

[3] Section 7002(b)(5) permits an incarcerated person to file a petition for a writ of habeas corpus in the department of the appellate division in which he is incarcerated "provided that the writ shall be made returnable before a justice of the supreme court held in the county in which the charge for which the incarcerated individual is being detained is pending."

3

constitutions, equal protection of laws, and violating non-discrimination clause under the New York state constitution." (*Id.* at 12-13.)

Plaintiff asserts that Judge Schecter and John Doe County Clerk did not have jurisdiction to transfer his habeas petition to the criminal term of the Supreme Court because "it would not promote a fair administration of justice with every other page of petition omitted or missing after John Doe Court Clerk deliberately omitted these pages so plaintiff's petition would not be able to be disposed of impartially." (*Id.* at 14.) He alleges that Judge Clott similarly lacked jurisdiction to accept the petition because it was incomplete.

Plaintiff seeks money damages, declaratory relief, and injunctive relief.

## DISCUSSION

**A.     Judicial immunity**

Plaintiff sues New York State Supreme Court Judges Schecter and Clott, seeking money damages, as well as declaratory and injunctive relief. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

4

Moreover, 42 U.S.C. § 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Here, Plaintiff sues Judges Clott and Schecter for actions taken in cases before them. Plaintiff asserts that Judges Clott and Schecter acted in "clear absence of jurisdiction," (ECF 1, at 16), and quotes various legal cases. Plaintiff does not, however, allege any facts suggesting that either of the judges acted beyond the scope of their judicial responsibilities or outside their jurisdiction. Transferring or accepting a petition for a writ of *habeas corpus* that is missing pages does not demonstrate a lack of jurisdiction. Because Plaintiff sues these defendants for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Plaintiff seeks injunctive and declaratory relief, but he alleges no facts suggesting that Judge Clott or Judge Schecter violated a declaratory decree, that declaratory relief was unavailable, or that an appeal is unavailable.

The Court therefore dismisses Plaintiff's claims against Judge Clott and Judge Schecter because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."). The

Court dismisses Plaintiff's claims against these defendants for injunctive and declaratory relief for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**B.      Quasi-judicial immunity**

Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal).

Courts have held that "Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are thus entitled to absolute immunity. *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); *see Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012) (holding that court clerks were entitled to "absolute quasi judicial immunity" in a suit alleging they refused to file documents, and citing cases); *Humphrey v. Court Clerk for the Second Circuit*, No. 08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) (court clerks enjoy absolute immunity "if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court" (citing *Rodriguez*, 116 F.3d at 67)). Where a plaintiff is prevented from initiating a new action, some courts have found a possible violation of her rights. *See Humphrey*, 2008 WL 1945308, at *2 (relying on *LeGrand v. Evan*, 702 F.2d 415, 418 (2d Cir. 1983) (reversing decision dismissing as frivolous a complaint that alleged that clerk of the New York Supreme Court, Kings County, refused to accept

applications for a writ of *habeas corpus*, and noting that "many courts have accorded clerks only a qualified 'good faith' immunity from liability arising from ministerial acts.")).

Courts have also extended Section 1983's grant of immunity from injunctive and declaratory relief to court employees, such as court clerks, who are entitled to quasi-judicial immunity. *See Treistman v. McGinty*, 804 F. App'x 98, 100 (Mem) (2d Cir. May 14, 2020); *Irazu v. Sainz De Aja*, No. 23-702-cv, 2023 WL 8447256, at *2 (2d Cir. Dec. 6, 2023) (summary order); *Viverette v. Winograd*, No. 1:25-CV-7168, 2025 WL 2577665, at *5 (S.D.N.Y. Sept. 5, 2025).

Here, Plaintiff alleges that the John Doe County Clerk omitted pages when docketing his *habeas corpus* petition. Docketing judicial documents is an "integral part of the judicial process" and is entitled to absolute immunity. *McKnight*, 699 F. Supp. 2d at 526. Moreover, nothing in the complaint suggests that Plaintiff was prohibited from "commenc[ing] an action under a state statute" or that his constitutional rights were violated. *See Humphry*, 2008 WL 1945308, at *2. In fact, Plaintiff alleges that he was able to file a *habeas corpus* petition and that the petition was rejected by a judge following a hearing. (*See* ECF 1, at 11-12.) Finally, Plaintiff cannot obtain injunctive or declaratory relief against the John Doe County Clerk because he alleges no facts suggesting that this defendants violated a declaratory decree or that declaratory relief was unavailable. The Court therefore dismisses Plaintiff's claims against John Doe County Clerk under the doctrine of quasi-judicial immunity and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

**C.    State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), under the doctrines of judicial and quasi-judicial immunity, for failure to state a claim on which relief may be granted, and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment dismissing this action. That is because this action is taken solely against the state judicial officers who are immune to personal claims. This Court makes no ruling that a non-personal action by the plaintiff in the state court

would be bound to fail. In a simple appeal the appellate state court might show considerable interest in the process by which the lower court reached its adverse conclusions

SO ORDERED.

Dated:   November 4, 2025
         New York, New York

                                                    *Louis L. Stanton*
                                                    LOUIS L. STANTON
                                                         U.S.D.J.