UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAAZIM COOPER, AKA KAZZIM COOPER,

Plaintiff,

-against-

JOHN DOE COUNTY COURT CLERK; THE
JUDGE ABRAHAM CLOTT; JENNIFER G.
SCHECTER, JUDGE,

Defendants.

25-CV-6786 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se*. By order dated and entered on the court's docket on November 12, 2025, the Court dismissed Plaintiff's claims against Judges Clott and Schecter on the ground that they are entitled to absolute judicial immunity, and dismissed Plaintiff's claims against the John Doe County Court Clerk on the ground that he is entitled to absolute quasi-judicial immunity. (ECF 9.) The Clerk of Court entered judgement on November 13, 2025. (ECF 10.) On November 25, 2025, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 11.) On December 10, 2025, Plaintiff filed a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure challenging the November 12, 2025 dismissal order. (ECF 12.) For the reasons set forth below, the Court grants Plaintiff's motion.

## DISCUSSION

### A.    Jurisdiction to consider the motion

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459

U.S. 56, 58 (1982). Where a notice of appeal is filed before the district court resolves a timely

Rule 59(e) motion, however, the notice of appeal takes effect after the district court rules on that

motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Here, Plaintiff timely filed his motion under Rule 59(e) within 28 days of the Clerk of

Court's entering judgment on November 13, 2025. The Court therefore has jurisdiction to

consider his motion. *See* Fed. R. App. P. 4(a)(4)(B)(iv).

**B.      Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must

demonstrate that the Court overlooked "controlling law or factual matters" that had been

previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

"Such motions must be narrowly construed and strictly applied in order to discourage litigants

from making repetitive arguments on issues that have been thoroughly considered by the court."

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see*

*also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009)

("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision

as the opening of a dialogue in which that party may then use such a motion to advance new

theories or adduce new evidence in response to the court's ruling.'" (internal quotation and

citations omitted)). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28

days after the entry of the judgment." *Id.*

In the Court's November 12, 2025 order, the Court held that the County Court Clerk was

entitled to absolute quasi-judicial immunity based on the holdings in *Cleavinger v. Saxner*, 474

U.S. 193, 200 (1985) (extending judicial immunity to judicial officers "who perform functions

closely associated with the judicial process"); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir.

1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division

judges not to provide a litigant with documents and not to expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("[T]he Clerk's Office activities of filing and docketing legal documents are an integral part of the judicial process' and are entitled to absolute immunity." (internal quotation marks and citation omitted), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); and *Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012) (holding that court clerks were entitled to "absolute quasi judicial immunity" in a suit alleging they refused to file documents, and citing cases).

In his motion for reconsideration, Plaintiff cites *Cleavinger*, 474 U.S. 193, *Rodriguez*, 116 F.3d 62, and *McKnight,* 699 F. Supp. 2d 507, and argues that the clerk's role in docketing his petition for *habeas corpus* was a "ministerial act" rather than a discretionary act closely associated with the judicial process, and therefore, under controlling law, the clerk should be afforded only qualified immunity. (*See* ECF 12, at 2-4.) Plaintiff argues that, because the clerk is required to docket submissions received by the court, the act of docketing a submission should be considered ministerial rather the discretionary.

Because Plaintiff has cited case law and made, at the least, a colorable argument that the County Court Clerk may not be entitled to absolute quasi-judicial immunity under the facts alleged, and in an abundance of caution in light of Plaintiff's *pro se* status, the Court grants Plaintiff's Rule 59(e) motion. The Court declines, at this time, to rule on whether the clerk enjoys absolute quasi-judicial immunity. The Court directs the Clerk of Court to vacate the order of dismissal (ECF 9) and civil judgment (ECF 10), and to reopen this action for further proceedings. Once this action is reopened, Plaintiff's claims will be addressed in due course.

Finally, it has come to the Court's attention that Plaintiff has attempted to contact the Court twice by telephone. Plaintiff is on notice that his telephone calls to chambers are improper.

3

The Court's Standing Order, "In the Matter of Pro Se Litigation," provides that "all pro se litigants shall file their papers with the Pro Se Office of this Court." M10-468 (Oct. 31, 1996). Accordingly, the Court directs Plaintiff to cease further attempts to contact the undersigned's chambers by telephone or any other means than by filing documents with the Pro Se Intake Unit.

## CONCLUSION

The Court grants Plaintiff's motion for reconsideration (ECF 12).

The Court directs the Clerk of Court to vacate the order of dismissal (ECF 9) and civil judgment (ECF 10), and to reopen this action for further proceedings.

SO ORDERED.

Dated:   December 29, 2025
         New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

4