UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAAZIM COOPER, AKA KAZZIM COOPER,

        Plaintiff,

-against-

JOHN DOE COUNTY COURT CLERK; THE
JUDGE ABRAHAM CLOTT; JENNIFER G.
SCHECTER, JUDGE,

        Defendants.

25-CV-6786 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging Defendants violated his federal constitutional rights in the course of his state court criminal proceedings. By order dated October 14, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

By order dated November 12, 2025, the Court dismissed the complaint, holding that Judges Clott and Schecter were immune from suit under the doctrine of absolute judicial immunity and the John Doe Court Clerk was immune under the doctrine of absolute quasi-judicial immunity. (ECF 9.) On November 25, 2025, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 11.) On December 10, 2025, Plaintiff filed, in this court, a motion to alter or amend a judgment, under Rule 59(e) of the Federal Rules of Civil Procedure, in which he challenged the Court's holding that the John Doe County Court Clerk enjoyed quasi-judicial immunity. (ECF 12.) By order dated December 29, 2025, the Court determined that since Plaintiff, in his motion, had cited case law and made a colorable argument that the County Court Clerk may not be entitled to absolute quasi-judicial

immunity, and, in an abundance of caution, granted Plaintiff's Rule 59(e) motion.[1] (ECF 15.) The Court directed the Clerk of Court to vacate the order of dismissal and civil judgment and to reopen this action for further proceedings.[2]

By mandate issued March 11, 2026, the Court of Appeals dismissed Plaintiff's appeal, thereby restoring jurisdiction over this action to this court. (ECF 18.)

For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

---

[1] The Court declined, at that time, to rule on whether the clerk enjoys absolute quasi-judicial immunity.

[2] The Court also directed Plaintiff to cease any further attempts to contact the undersigned's chambers by telephone or any other means than by filing documents with the Pro Se Intake Unit.

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this civil rights action against Judges Abraham Clott and Jennifer G. Schecter of the New York Supreme Court, New York County, and a John Doe County Supreme Court Clerk at the same court. The following facts are drawn from the complaint.[3] On August 17, 2021, Plaintiff was arrested for criminal assault and parole violation charges and detained on Rikers Island. On January 19, 2022, Plaintiff's parole term was terminated, but he remained detained on Rikers Island pursuant to the ongoing criminal charges.

On or about February 25, 2022, Plaintiff filed a 34-page petition for a writ of *habeas corpus* in the New York State Supreme Court, Appellate Division, First Department. Although Plaintiff was represented by counsel in the underlying criminal proceedings against him, he filed

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original document unless noted otherwise.

his *habeas corpus* petition *pro se*. (*See* ECF 1, at 44.) On May 5, 2022, the Appellate Division transferred Plaintiff's *habeas corpus* petition to the New York Supreme Court pursuant to Section 7002(b)(5) of the New York Civil Practice Law and Rules.[4]

On September 18, 2022, Plaintiff received a "notice along with omitted or incomplete version of the petition he filed with Appellate division with cover page." (*Id.* at 11.) In the notice, Judge Schecter directed the John Doe County Clerk to place the writ of *habeas corpus* on the calendar and assign the petition an index number. Plaintiff alleges that the petition he got back from the court was missing all odd-numbered pages of the document. (*Id.*) Plaintiff asserts that John Doe County Clerk was responsible for docketing the petition and "deliberately omitted every other page after receiving transfer from appellate division." (*Id.* at 12.)

Plaintiff states that Judge Clott denied his *habeas corpus* petition during an October 7, 2022 hearing.

Plaintiff asserts that Defendants "conspired to deprive him of first amendment and due process rights to petition and access courts, his rights and privilege of habeas corpus under both constitutions, equal protection of laws, and violating non-discrimination clause under the New York state constitution." (*Id.* at 12-13.)

Plaintiff asserts that Judge Schecter and John Doe County Clerk did not have jurisdiction to transfer his habeas petition to the criminal term of the Supreme Court because "it would not promote a fair administration of justice with every other page of petition omitted or missing after John Doe Court Clerk deliberately omitted these pages so plaintiff's petition would not be able to

---

[4] Section 7002(b)(5) permits an incarcerated person to file a petition for a writ of *habeas corpus* in the department of the appellate division in which he is incarcerated "provided that the writ shall be made returnable before a justice of the supreme court held in the county in which the charge for which the incarcerated individual is being detained is pending."

4

be disposed of impartially." (*Id.* at 14.) He alleges that Judge Clott similarly lacked jurisdiction to accept the petition because it was incomplete.

Plaintiff seeks money damages, declaratory relief, and injunctive relief.

**DISCUSSION**

**A.    Judicial immunity**

Plaintiff sues New York State Supreme Court Judges Schecter and Clott, seeking money damages, as well as declaratory and injunctive relief. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Moreover, 42 U.S.C. § 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014)

("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Here, Plaintiff sues Judges Clott and Schecter for actions taken in cases before them. Plaintiff asserts that Judges Clott and Schecter acted in "clear absence of jurisdiction," (ECF 1, at 16), and quotes various legal cases. Plaintiff does not, however, allege any facts suggesting that either of the judges acted beyond the scope of their judicial responsibilities or outside their jurisdiction. Ordering the transfer of, and ruling on the merits of, a transferred petition for a writ of *habeas corpus* that is missing pages does not demonstrate a lack of jurisdiction. Because Plaintiff sues these defendants for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Plaintiff seeks injunctive and declaratory relief, but he alleges no facts suggesting that Judge Clott or Judge Schecter violated a declaratory decree, that declaratory relief was unavailable, or that an appeal is unavailable.

The Court therefore dismisses Plaintiff's claims against Judge Clott and Judge Schecter because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."). The Court dismisses Plaintiff's claims against these defendants for injunctive and declaratory relief for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**B.    Claims against the County Court Clerk**

The Court will assume, for the purposes of this order and without deciding, that the John Doe County Court Clerk does not enjoy absolute quasi-judicial immunity under the facts alleged by Plaintiff. The Court liberally construes the complaint as asserting claims against the Court

Clerk, under Section 1983, for denial of Plaintiff's access to the courts under the First Amendment, denial of procedural due process under the Fourteenth Amendment, denial of equal protection of the law, and conspiracy.

### 1.    Access to the courts claim

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *Belleza v. Holland*, 730 F. Supp. 2d 311, 314 (S.D.N.Y. 2010) (same); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. Furthermore, when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon v. Loughren*, 386 F.3d 88, 98 (2d Cir. 2004).

Here, Plaintiff alleges that the Clerk failed to scan and docket his entire petition for *habeas corpus*. Plaintiff's allegations do not suggest a viable access-to-courts claim. First, Plaintiff does not allege any facts suggesting that his *habeas corpus* petition, seeking relief outside his ongoing criminal proceedings where he was represented by counsel, had any merit. Indeed, Judge Clott denied the petition after a hearing. Even if the Court were to assume that Plaintiff's petition was meritorious, he still fails to state a claim. Although Plaintiff asserts that the Clerk "deliberately omitted" the missing pages of his petition (ECF 1, at 16), he alleges no nonconclusory facts suggesting that the Clerk acted deliberately and maliciously to prevent

Plaintiff from accessing the court.[5] Furthermore, it does not appear that Plaintiff was actually hindered from litigating his claims. On October 7, 2022, several weeks after he learned his *habeas corpus* petition was incomplete, Plaintiff was afforded a hearing on that petition before Judge Clott. Plaintiff alleges no facts suggesting that he, or his counsel, was unable to argue that the docketed version of his petition was incomplete or present any other arguments in support of his claims to Judge Clott at that hearing. Finally, Plaintiff's claims arose in the course of state court criminal proceedings in which he was represented by counsel. (*See id.* at 44.) Although the *habeas corpus* petition at issue was filed by Plaintiff *pro se*, he alleges no facts suggesting that his counsel in his criminal proceedings was unable to raise Plaintiff's claims with the court, whether in Plaintiff's criminal proceedings or within the *habeas corpus* proceeding.[6] For these reasons, the Court dismisses Plaintiff's access-to-the-court claims against the County Court Clerk for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Due process claim

The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal

---

[5] Plaintiff's allegation that the County Court Clerk scanned every other page of his petition suggests that the Clerk may not have scanned the front and back of each page of the petition, but rather scanned only the front of each page.

[6] In a document filed by the government in response to Plaintiff's *habeas corpus* petition, which Plaintiff attaches to the complaint, the government's attorney states that Plaintiff's trial counsel indicated that, even though he did not file Plaintiff's *habeas corpus* petition, he "would adopt" the petition. (*Id.* at 44.)

quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

A government official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful postdeprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Thus, a claim under Section 1983 asserting that a government official has deprived a person of a liberty or property interest is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson*, 468 U.S. at 533. Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991). "[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Id.* at 113.

Here, Plaintiff alleges that the County Court Clerk did not docket his entire *habeas corpus* petition. Plaintiff also alleges that his petition was denied after a hearing before the judge. Even if the Court assumes that Plaintiff could not have brought the incomplete filing to the judge's attention during that hearing, New York State law allows for an appeal to be taken from a refusal to grant a petition for *habeas corpus*. *See* N.Y.C.P.L.R. § 7011. Furthermore, Plaintiff could have challenged the County Clerk's alleged actions in a proceeding under Article 78 of the

Civil Practice Law and Regulations. *See* N.Y.C.P.L.R. § 7801, *et seq.*; *see V.G. v. Hanley*, 135 N.Y.S.3d 591, 598-99 (Sup. Ct. Richmond Cnty. Oct. 21, 2020) (entertaining, and ultimately rejecting, an Article 78 challenge to the Clerk of the Family Court's refusal accept petitioner's filings). It is well-established that an Article 78 proceeding "is adequate for due process purposes even though the [litigant] may not be able to recover the same relief that he could in a § 1983 suit." *Hellenic Am. Neighborhood Action Comm,* 101 F.3d at 881. Plaintiff alleges no facts suggesting he was unable to appeal the denial of his *habeas corpus* petition or that an Article 78 proceeding was unavailable to him. Because state law provides for procedures to remedy any alleged denial of Plaintiff's rights, he cannot state a procedural due process claim in federal court. The Court therefore dismisses Plaintiff's Section 1983 procedural due process claims against the County Court Clerk for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Equal protection claim

Plaintiff alleges that the County Court Clerk violated his right to equal protection of the law. The Equal Protection Clause requires that all persons similarly situated be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Where an individual alleges that he was intentionally treated differently from other similarly-situated individuals without any rational basis, she may proceed with a "class of one" equal protection claim. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). In order to prevail in a class-of-one equal protection claim, a "plaintiff[] must show an extremely high degree of similarity between themselves and the

persons to whom they compare themselves." *Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (internal quotation marks omitted).

As discussed above, Plaintiff alleges no facts suggesting that the County Court Clerk intentionally treated him differently, and he identifies no similarly situated individuals against whom he may be compared. The Court therefore dismisses Plaintiff's equal protection claims against the County Court Clerk of failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Conspiracy claim

To state a claim of conspiracy under Section 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Vague and unsupported assertions of a claim of conspiracy are insufficient to state a claim upon which relief can be granted. *See*, *e.g.*, *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (holding that a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end"); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (affirming dismissal of conspiracy claims where allegations were "unsupported, speculative, and conclusory"). Moreover, a conspiracy claim under Section 1983 requires a plaintiff to state an underlying violation of constitutional rights. *See Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) ("Because [plaintiff] was unable to establish an underlying violation of his constitutional rights . . . his conspiracy . . . necessarily fail[s] as well."); *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails.").

As explained above, Plaintiff has failed to allege an underlying violation of his civil rights. "[I]t follows that he cannot sustain a claim of conspiracy to violate those rights." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000). The Court therefore dismisses Plaintiff's conspiracy claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.     Request for counsel**

Plaintiff has filed an application for the court to request pro bono counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too

early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

Although the Court denies Plaintiff's request for pro bono counsel, Plaintiff may seek assistance from the City Bar Justice Center's ("CBJC") SDNY Federal Pro Se Legal Assistance Project, a free clinic that assists self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer with details is attached.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that amendment is futile at this stage, the Court grants Plaintiff 30 days' leave to amend his complaint to allege sufficient facts to state claims, under Section 1983, for access to the courts, procedural due process, and/or equal protection against the County Court Clerk.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), under the

doctrine of absolute judicial immunity and for failure to state a claim on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Court grants Plaintiff 30 days' leave to

replead his claims in an amended complaint.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff

may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's application for the court to request pro bono counsel without

prejudice to renewal at a later time. (ECF 17.) A copy of the CBJC's information flyer is

attached.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    April 1, 2026
          New York, New York

                                                    _Louis L. Stanton_
                                                    LOUIS L. STANTON
                                                    U.S.D.J.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)