UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAAZIM COOPER, AKA KAZZIM COOPER,

Plaintiff,

-against-

JOHN DOE COUNTY COURT CLERK; THE JUDGE ABRAHAM CLOTT; JENNIFER G. SCHECTER, JUDGE,

Defendants.

25-CV-6786 (LLS)

SECOND ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights. By order dated April 1, 2026, the Court dismissed the complaint under the doctrine of absolute judicial immunity and for failure to state a claim on which relief may be granted, but granted Plaintiff 30 days' leave to replead his claims against the John Doe County Court Clerk.[1] (ECF 19.) Plaintiff filed an amended complaint on June 1, 2026. The Court dismisses the amended complaint for the reasons set forth below.

**BACKGROUND**

Plaintiff brought this action, under 42 U.S.C. § 1983, against Judges Abraham Clott and Jennifer G. Schecter of the New York Supreme Court, New York County, and a John Doe County Supreme Court Clerk (the "Court Clerk") at the same court. Plaintiff alleged that, while detained on Rikers Island for charges of criminal assault and parole violations, he filed a *pro se* petition for a writ of *habeas corpus* in the New York State Supreme Court, Appellate Division,

[1] By order dated April 16, 2026, the Court construed Plaintiff's letter motion seeking to stay this action as a motion for an extension of time to file an amended complaint, and granted the motion. (ECF 21.)

which that court transferred to the New York State Supreme Court, New York County. Plaintiff alleged that, in the process of docketing the petition in the Supreme Court, the John Doe Court Clerk did not scan the entire petition, but instead scanned only the even-number pages. Judge Clott subsequently denied Plaintiff's state *habeas corpus* petition during a hearing in October 2022.

By order dated April 1, 2026, the Court dismissed the complaint. (ECF 19.) Specifically, the Court (1) dismissed Plaintiff's claims against Judge Clott and Judge Schechter under the doctrine of absolute judicial immunity; (2) dismissed Plaintiff's access-to-courts, due process, equal protection, and conspiracy claims against the Court Clerk for failure to state a claim on which relief may be granted. The Court dismissed Plaintiff's access-to-courts claim because Plaintiff did not allege any facts suggesting that his *habeas corpus* petition, which was denied, had any merit, that the Court Clerk acted deliberately and maliciously to prevent Plaintiff from accessing the court, or that he was actually prevented from litigating his claims, which arose in a criminal proceeding in which he was represented by counsel and which was denied by the court after a hearing before Judge Clott. (*Id.* at 7-8.)

The Court dismissed Plaintiff's procedural due process claim because state law provides for procedures to remedy any alleged denial of Plaintiff's rights, including an appeal from Judge Clott's denial of the *habeas corpus* petition, and a proceeding under Article 78 of the New York Civil Practice Law and Regulations. (*Id.* at 8-10.)

The Court dismissed Plaintiff's equal protection claims because he alleged no facts suggesting that the Court Clerk intentionally treated him differently from other similarly situated individuals, and Plaintiff identified no similarly situated individuals against whom he could be compared. (*Id.* at 10-11.)

Finally, the Court dismissed Plaintiff's conspiracy claims under Section 1983 because he failed to allege an underlying violation of his civil rights, and it therefore cannot state a claim of conspiracy to violate those rights. (*Id.* at 11-12.)

In light of Plaintiff's *pro se* status, the Court granted him leave to replead his access to court, procedural due process, and/or equal protection claims against the John Doe Court Clerk. (*Id.* at 13.)

Plaintiff filed an amended complaint on June 1, 2026. (ECF 22.) The amended complaint largely repeats the facts alleged in the original complaint. On May 5, 2022,[2] the Appellate Division transferred Plaintiff's petition for a writ of *habeas corpus* to the New York Supreme Court, New York County.[3] On July 26, 2022, Judge Schecter directed the Court Clerk to calendar the petition and assign it an index number. On September 18, 2022, Plaintiff received a "notice of petition" from the court that included a copy of the petition, which he alleges was missing "every other page." (*Id.* at 3.) Plaintiff "attempted to send letters to [J]udge Schecter trying to inform her that the pages in the copy that [he] was given with return was sabotaged," but he did not receive a response. (*Id.* at 4.)

On October 7, 2022, Plaintiff appeared before Judge Clott at which time the judge denied Plaintiff's *habeas corpus* petition "saying that 'none of the claims had merit' without explanation." (*Id.* at 5.) After his petition was denied, Plaintiff contacted the court's "civil term" about the incomplete filing. Court personnel referred Plaintiff to the "New York Scroll website,"

---

[2] In the amended complaint, Plaintiff mistakenly states that his *habeas corpus* petition was transferred on May 5, 2025. Based on context and Plaintiff's prior pleadings, the Court understands these events as having occurred in 2022.

[3] Plaintiff alleges that the Appellate Division "granted" his *habeas corpus* petition. (*See, e.g.*, ECF 22, at 3, 12.) The Appellate Division's order, however, states "the motion . . . is granted only to the extent of transferring the proceeding to be heard before a Justice of the Supreme Court of the State of New York, New York County[.]" (ECF 22-1, at 1.)

which showed the same incomplete petition that Plaintiff received while at Rikers Island. (*Id.*) On March 13, 2024, Plaintiff was convicted in the state court after pleading guilty to attempted assault, and he was sentenced to two to four years' imprisonment. Plaintiff was released from prison on September 18, 2024. In May 2025, Plaintiff completed his term of parole.

**DISCUSSION**

The Court granted Plaintiff leave to replead his claims against the Court Clerk, under Section 1983, for access to the courts, procedural due process, and/or equal protection. (ECF 19, at 13.) Despite this limited grant of leave to replead, Plaintiff attempts to assert new claims in the amended complaint, including claims for retaliation under the First Amendment and substantive due process and a claim under the Suspension Clause. District courts are permitted to dismiss claims in an amended complaint that are not within the scope of the permitted amendment. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (collecting cases).

Even though several of the claims Plaintiff asserts in the amended complaint are beyond the scope of the permitted amendment, and are dismissible on that basis, in light of Plaintiff's *pro se* status, the Court will nevertheless construe the amended complaint as asserting federal claims under Section 1983 for: (1) access to the courts;[4] (2) procedural and substantive due

[4] It is unclear if Plaintiff intends to replead this claim. In the amended complaint, Plaintiff states that "any generic 14th amendment procedural access to court claim is voluntarily withdrawn." (ECF 22, at 11-12.) Despite "withdrawing" this claim, Plaintiff nevertheless alleges facts and makes arguments in support of such a claim. (*See id.* at 12-13.) In light of Plaintiff's *pro se* status, the Court will address his access-to-court claim.

process; (3) equal protection; (4) First Amendment retaliation; and (5) violations of the Suspension Clause.

**A. Access to the courts**

The Court dismisses Plaintiff's access-to-the-court claims for the same reasons as it dismissed those claims in its April 1, 2026 order. To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *Belleza v. Holland*, 730 F. Supp. 2d 311, 314 (S.D.N.Y. 2010) (same); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. Furthermore, when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon v. Loughren*, 386 F.3d 88, 98 (2d Cir. 2004).

Plaintiff asserts that, in incompletely scanning his *habeas corpus* petition, the Court Clerk was "[m]otivated by bad faith animus" and that this action was done "deliberately" to "sabotage" Plaintiff's claims. As in the original complaint, however, Plaintiff alleges no specific nonconclusory facts suggesting that the Court Clerk's actions were in any way deliberate and malicious.[5] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint that merely

---

[5] As the Court noted in its previous order, Plaintiff's allegation that the Court Clerk scanned every other page of his petition suggests that the Clerk may not have scanned the front and back of each page of the petition, but rather scanned only the front of each page. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that Rule 8 of the Federal Rules of Civil

"tenders naked assertions devoid of further factual enhancement" fails to meet the pleading standard under Rule 8 of the Federal Rules of Civil Procedure (quotation marks and alterations omitted)).

Nor do the allegations in the amended complaint show that Plaintiff's *habeas corpus* petition had any merit. Plaintiff appears to argue that his petition was meritorious because it was "granted" by the Appellate Division. (*See* ECF 22, at 12-13.) However, as mentioned above, the Appellate Division "granted" the petition "only to the extent of transferring the proceeding" to the Supreme Court. As Plaintiff acknowledges, in adjudicating the petition, Judge Clott determined that "none of [Plaintiff's] claims had merit." (*Id.* at 5.)

Finally, Plaintiff's allegations show that he was actually able to access the court. On October 7, 2022, several weeks after he learned his *habeas corpus* petition was incomplete, Plaintiff was afforded a hearing on that petition before Judge Clott. Plaintiff alleges no facts suggesting that he, or his counsel, was unable to argue that the docketed version of his petition was incomplete or present any other arguments in support of his claims to Judge Clott at that hearing. Moreover, Plaintiff alleges no facts that he was prevented from appealing Judge Clott's denial of his petition. The Court therefore dismisses Plaintiff's access-to-court claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Procedural and substantive due process**

The Court understands Plaintiff to be repleading his claims for procedural due process and asserting, for the first time, claims for substantive due process. The Court dismisses Plaintiff's procedural due process claims for the same reasons stated in its April 1, 2026 order of

---

Procedure "asks for more than a sheer possibility that defendant acted unlawfully" and that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability," it does not comply with Rule 8).

dismissal. Plaintiff's *habeas corpus* petition was denied during a hearing before a judge, and state law provides adequate remedies to address any unlawful acts with respect to the docketing of his petition, including filing an appeal of Judge Clott's order or seeking relief under Article 78. The Court therefore dismisses Plaintiff's procedural due process claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also seeks to assert claims for violation of his right to substance due process under the Fourteenth Amendment. (*See* ECF 22, at 26.) Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). To state a substantive due process claim, a plaintiff must allege facts suggesting that "the state action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Okin v. Village of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). The interference with a plaintiff's rights must be "'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" *Anthony v. City of New York*, 339 F.3d 129, 143 (2d Cir. 2003) (quoting *Tenanbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999)).

The Supreme Court has recognized that substantive due process protects an individual's right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("[P]risoners have a constitutional right of access to the courts.") Here, however, Plaintiff's substantive due process claims fail for the same reasons as his access-to-the-courts claims. Plaintiff alleges no nonconclusory facts suggesting that the Court Clerk deliberately failed to docket his entire *habeas corpus* petition, much less that the Clerk's actions were so egregious and outrageous that

they shock the contemporary conscience. The Court therefore dismisses Plaintiff's substantive due process claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Equal protection**

The Court dismisses Plaintiff's equal protection claims for the same reason it dismissed such claims in its April 1, 2026 order of dismissal. Plaintiff alleges no facts in the amended complaint suggesting that the County Court Clerk intentionally treated him differently, and he identifies no similarly situated individuals against whom he may be compared. The Court therefore dismisses Plaintiff's equal protection claims against the Court Clerk of failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e(2)(B)(ii).

**D. First Amendment retaliation**

Plaintiff attempts to assert, for the first time in the amended complaint, claims for retaliation under the First Amendment. In short, Plaintiff alleges that the Court Clerk "retaliated" against him for filing a *habeas petition* by "altering" his petition in order to "protect a[ ] potential illegal detention." (ECF 22, at 17.) To state a claim for retaliation under the First Amendment, a plaintiff must allege facts suggesting that "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011).

Here, Plaintiff does not allege that the Clerk retaliated against him for engaging in First Amendment-protected activity; he instead alleges that the Clerk prevented him from engaging in First Amendment activity—i.e., from filing his *habeas corpus* petition. In other words, Plaintiff's attempt to assert a claim for retaliation is essentially an attempt to relabel his access-to-court claim, which the Court dismissed for the reasons stated above. Even if the Court were to accept

Plaintiff's framing of his allegations as a retaliation claim, he alleges no nonconclusory facts suggesting that the Court Clerk failed to scan his full *habeas petition* in retaliation for Plaintiff's having filed it. Without any factual support, Plaintiff's assertion that the Clerk "intentionally dismantled the pages of the petition the exact moment he realized plaintiff's claims had merit" (ECF 22, at 17) are purely speculative, if not implausible. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (explaining that "courts have no obligation to entertain pure speculation and conjecture").

The Court therefore dismisses Plaintiff's First Amendment retaliation claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E. Suspension Clause**

Plaintiff also seeks to assert new claims under the Suspension Clause of the United States Constitution, which states, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion of invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2. Plaintiff alleges that, by failing to docket his full *habeas corpus* petition in the New York State Supreme Court, the Court Clerk unlawfully "suspended" the writ of *habeas corpus*. (See ECF 22, at 18.) Even if Plaintiff's allegations suggested that the Court Clerk suspended his right to petition for *habeas corpus* relief, which they do not, his claims under the Suspension Clause would fail because the Suspension Clause does not apply to state courts. *See Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917) ("Section 9 or article 1, as has long been settled, is not restrictive of state, but only of national action." (citing cases)); *Miller v. Allison*, No. CV 23-772, 2023 WL 5174899, at *2 (C.D. Cal. Aug. 10, 2023) ("However, because the Suspension Clause does not apply to the states, the state courts' handling of Petitioner's state habeas petitions cannot raise a cognizable claim for habeas relief." (citing *Gasquet*, 242 U.S. at 369, and other cases)).

Because the Suspension Clause does not apply to Plaintiff's claims that a state employee allegedly prevented him from filing a *habeas corpus* petition under state law in state court, the Court dismisses Plaintiff's Suspension Clause claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F. Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**G. Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the amended complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: August 11, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.