UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAAZIM COOPER, AKA KAZZIM COOPER,

Plaintiff,

-against-

JOHN DOE COUNTY COURT CLERK; THE JUDGE ABRAHAM CLOTT; JENNIFER G. SCHECTER, JUDGE,

Defendants.

25-CV-6786 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se*. By order dated August 11, 2026, the Court dismissed the amended complaint for failure to state a claim on which relief may be granted. (ECF 23.) The Clerk of Court entered judgment on August 20, 2026. (ECF 24.) On September 4, 2026, Plaintiff filed a "Motion to Vacate the August 11, 2026 Final Order of Dismissal and To Restore Operative Claims Pursuant to Federal Rule of Civil Procedure 60." (ECF 25, 26.)[1] On September 18, 2026, Plaintiff filed a notice of appeal to the United States Court of Appeal for the Second Circuit. (ECF 27.)

The Court liberally construes Plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (explaining that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural

[1] Plaintiff filed two identical copies of his motion.

rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

### A. Jurisdiction

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider his motion for relief under Rule 59(e) and Rule 60(b). Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 4 of the Federal Rules of Appellate Procedure, however, provides that a district court has jurisdiction to rule on a motion under Rule 59 or Rule 60 if a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of the order. Fed. R. App. P. 4(a)(4)(A). If a party files a notice of appeal before the district court disposes of such a motion, then the notice of appeal does not become "effective" until after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Here, the Clerk of Court entered judgment on August 20, 2026. Plaintiff therefore had 28 days to file a timely motion for reconsideration. *See* Fed. R. Civ. P. 59(e). He filed his motion on September 4, 2026, within 28 days after the Clerk of Court entered judgment. The Court therefore has jurisdiction to consider his request. *See* Fed. R. App. P. 4(a)(4)(B)(iv).

### B. Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506,

509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

In his motion, Plaintiff does not identify any controlling law or factual matters that the Court overlooked in dismissing his claims. With respect to factual matters, Plaintiff asserts that the Court overlooked facts before it when it held that the amended complaint included "no nonconclusory facts suggesting that the Clerk acted deliberately and maliciously to prevent Plaintiff from accessing the court."[2] (ECF 25, at 2.) Plaintiff does not, however, point to any nonconclusory specific facts that were previously before the Court that the Court overlooked. As the Court stated in its order, a complaint that merely "tenders naked assertions devoid of further factual enhancement" fails to satisfy the federal pleading standard.[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and alterations omitted).

---

[2] Plaintiff here appears to be quoting from the Court's previous order of dismissal with leave, which was issued on April 1, 2026. The Court will nevertheless address his argument as the Court's August 11, 2026 second order of dismissal was based, in part, on the same grounds. (*See* ECF 23, at 5-6.)

[3] Plaintiff makes much of the Court's suggestion that the Clerk's actions could have been attributable to a common scanning error. (*See* ECF 25, at 3-4.) The Court's observation—which was confined to a footnote explaining that, under *Ashcroft v. Iqbal*, 556 U.S. 662, 678, a complaint does not comply with Rule 8 where it "pleads facts that are merely consistent with a defendant's liability"—is not central to its holding that Plaintiff failed to plead sufficient facts,

With respect to Plaintiff's arguments regarding the Court's having overlooked controlling law, his motion consists of incorrect statements of law and mischaracterizations of what the court said in its order. As an initial matter, Plaintiff's motion is riddled with errors ranging from incorrect legal citations to at least one wholly fabricated case. For example, Plaintiff argues that the Court's decision violated "Conner v. Carleton, 448 U.S. 905 (1980)." (ECF 25, at 3-4.) However, the citation he provides for that case is incorrect and a search of legal databases shows no case by that name in the Supreme Court, Second Circuit, or any district court within the Second Circuit. Moreover, in Plaintiff's motion, the case name is hyperlinked to a case, bearing an unrelated caption, from the United States Court of Appeals for the Third Circuit.[4] (*See id.* at 4.)

When Plaintiff does accurately cite existing legal authority, his legal arguments are not supported by the authority cited. For example, Plaintiff asserts that the Court erred in applying the "shocks the conscience" standard to his substantive due process claims. (*See* ECF 25, at 4-5.) He argues that under *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992), and *Hurd v. Fredenburg*, 984 F.3d 1075 (2d Cir. 2021),[5] "any institutional deprivation of a fundamental liberty interest (such

---

despite previously being granted leave to do so.

[4] Courts have previously observed that a citation to a nonexistent case suggests that a plaintiff may have used a form of generative artificial intelligence ("gen AI") to draft submissions to the court and that gen AI hallucinated the phantom case citation. *See Park v. Kim*, 91 F.4th 610, 614 (2d Cir. 2024) (discussing case cited in a reply brief that the Second Circuit was unable to locate and attorney's admission that the case was provided by ChatGPT).

The Court reminds and warns Plaintiff that all litigants are subject to Rule 11(b)(2) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[b]y presenting to the court a . . . motion . . . an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by *existing* law . . . . " (emphases added); *see also Park*, 91 F.4th at 615 (Rule 11 requires "read[ing], and thereby confirm[ing] the existence and validity of, the legal authorities" being relied on).

[5] Plaintiff provides an incorrect citation for *Hurd.*

as notice and freedom from an unconstitutional confinement) that is rooted in a total lack of statutory or legal authority is an automatic, per se substantive due process violation." (ECF 25, at 4.) Simply put, neither case stands for the proposition asserted by Plaintiff.[6]

In another instance, Plaintiff argues that the Court erred in dismissing his equal protection claims on the grounds that he did not identify a specific comparator. In support he cites *DeMuria v. Hawkes*, 328 F.3d 704 (2d Cir. 2003), for the proposition that "strict pleading requirements are relaxed when a plaintiff alleges a total, arbitrary failure of a uniform, basic government service to which everyone is entitled." (ECF 25, at 6.) While the court in *DeMuria* did find that a plaintiff who failed to identify a comparator "barely" met the minimal requirements of the pleading standard at that time, that holding has seen been abrogated by the change to a stricter pleading standard announced by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("We hold that the pleading standard set out in *Iqbal* supersedes the 'general allegation' deemed sufficient in *DeMuria*[.]").

Plaintiff also makes several arguments that either mischaracterize or ignore what the Court actually said in its August 11, 2026 order. For example, Plaintiff argues that the Court erred in failing to "explain why pages 20 and 21 [of the amended complaint] were ignored," why the Court "refused to analyze the First Amendment retaliation claims on Page 20 and the Extrinsic Fraud claims on Page 21," and why Plaintiff was denied leave to replead these claims.

[6] In fact, *Hurd* explicitly explains that, in order to state a substantive due process claim, "the plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Hurd*, 984 F.3d at 1087 (quotation marks and citation omitted). The court in *Hurd* did not reach the issue of whether the alleged conduct reached that standard because, under a qualified immunity analysis, it was not clearly established that Hurd had a liberty interest in his conditional release. *Id.* at 1089.

(ECF 25, 3, 4.) On pages 20 and 21 of the amended complaint, although confusing, Plaintiff references claims for First Amendment retaliation, due process violations, and unlawful suspension of the writ of *habeas corpus*. (*See* ECF 22, at 20-21.) In fact, the Court addressed, and dismissed, each of those claims.[7] (*See* ECF 23, at 6-10.) The Court denied Plaintiff leave to amend those claims because the Court had already granted him leave to amend and because further leave to amend would be futile. (*Id.* at 10.)

In another argument that has no basis in the Court's order, Plaintiff argues that the Clerk is not entitled to quasi-judicial immunity (ECF 25, at 6), even though the Court did not dismiss Plaintiff's claims against the Clerk on the basis of quasi-judicial immunity. Plaintiff also challenges the Court's application of the favorable termination doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF 25, at 5.) The Court, however, did not cite or in any way rely on *Heck* in dismissing Plaintiff's claims.

The Court has reviewed all of Plaintiff's arguments and finds them meritless. Because Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action, the Court denies Plaintiff's motion under Rule 59(e).

**C. Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

[7] To the extent Plaintiff is alleging that the Court did not analyze his claims for "extrinsic fraud," claims for fraud arise under state law. After dismissing his federal claims, the Court declined to exercise supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). (*See* ECF 23, at 10.)

> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6).[8] *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

---

[8] To the extent Plaintiff also seeks relief under Rule 60(d)(3) (*see* ECF 25, at 1), which allows a court to set aside a judgment based on "fraud on the court," the Court denies relief because has he has alleged no facts which would support a finding of fraud on the court.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 25, 26.) This action remains closed. The Clerk of Court is directed to terminate all motions in this action.

SO ORDERED.

Dated: October 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.